IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jet-Set Restaurant, LLC,       :
           Appellant     :
                    :
     v.            :
                    :   No. 564 C.D. 2021
Pennsylvania Liquor Control Board  :   Submitted: June 10, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: August 29, 2022

Jet-Set Restaurant, LLC (Jet-Set) appeals from the Berks County Common Pleas Court's (trial court) April 21, 2021 order dismissing its appeal and affirming the Pennsylvania Liquor Control Board's (PLCB) order that denied its application to renew Restaurant Liquor License No. R-9220 (License). Jet-Set presents three issues for this Court's review: (1) whether the trial court's findings of fact were supported by substantial evidence and/or whether legally sufficient evidence was presented at the *de novo* hearing to support the trial court's order; (2) whether the trial court abused its discretion and/or committed an error of law by dismissing Jet-Set's appeal because the evidence presented merely established minor, immaterial breaches of the Conditional Licensing Agreement (CLA) and/or the Liquor Code[1] that did not warrant or support the PLCB's non-renewal of Jet-Set's License; and (3) whether the trial court erred and/or committed an abuse of

---

[1] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-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.

discretion and/or deprived Jet-Set of its right to due process.[2]  After review, this Court affirms.

**Background**

On November 14, 2014, the Pennsylvania State Police's Bureau of Liquor Control Enforcement (Enforcement) issued Jet-Set Citation No. 14-1524[3] containing three counts: (1) on November 17, 2013, Jet-Set refilled liquor bottles; (2) on January 1, 2014, Jet-Set failed to require patrons to vacate the licensed premises no later than one-half hour after the service of alcoholic beverages was required to cease; and (3) on February 22, 2014, Jet-Set permitted smoking in a public place where it was prohibited.  **Jet-Set admitted to the violations** and, on May 13, 2015, an Administrative Law Judge (ALJ) sustained the charges and fined Jet-Set $850.00.

On December 29, 2014, Enforcement issued Jet-Set Citation No. 14-2489[4] containing two counts: (1) on November 1, 2014, and on one other occasion during 2014, Jet-Set permitted four minors 20 years of age to frequent the licensed premises; and (2) on November 1, 2014, Jet-Set sold, furnished, and/or gave alcoholic beverages to two minors 20 years of age.  On May 13, 2015, an ALJ

---

[2] Jet-Set specifically asserts that the trial court should not have adopted the findings of fact and conclusions of law in the PLCB's Recommended Opinion (Opinion) because the PLCB's findings of fact were legally insufficient as a matter of law, not supported by substantial evidence, and based on inadmissible evidence and/or hearsay, and the PLCB's Opinion improperly relied on the criminality that allegedly occurred in close proximity to Jet-Set's establishment that had no causal or logical connection to Jet-Set's operations or the conducting of its business on the premises.  Such assertions were rejected by the trial court.

[3] Enforcement charged Jet-Set with violating Sections 491(10), 499(a), and 471 of the Liquor Code, 47 P.S. §§ 4-491(10), 4-499(a), and 4-471, as well as Section 6(a)(2) of the Clean Indoor Air Act, Act of June 13, 2008, P.L. 182 , *as amended*, 35 P.S. § 637.6(a)(2).

[4] Enforcement charged Jet-Set with violating Section 493(1), (14) of the Liquor Code, 47 P.S. § 4-493(1), (14).

2

dismissed count one, sustained the allegations in count two **upon Jet-Set's admission**, and fined Jet-Set $1,400.00. In addition, the ALJ ordered Jet-Set to comply with Section 471.1 of the Liquor Code[5] pertaining to Responsible Alcohol Management Program (RAMP) certification within 90 days. On April 29, 2015, Enforcement issued Jet-Set Citation No. 15-0752,[6] alleging that Jet-Set sold, furnished, and/or gave alcoholic beverages to a minor 19 years of age on March 12, 2015. **Jet-Set admitted to the charge** and, on November 16, 2018, an ALJ sustained the charge and fined Jet-Set $1,500.00.

On June 26, 2015, Enforcement issued Jet-Set Citation No. 15-1128,[7] alleging that Jet-Set sold, furnished, and/or gave alcoholic beverages to a minor 19 years of age on May 14, 2015. **Jet-Set admitted to the charge** and, on November 16, 2018, an ALJ sustained the charge and fined Jet-Set $1,500.00. Further, the ALJ suspended Jet-Set's licensing privileges for one day. On December 21, 2015, Enforcement issued Jet-Set Citation No. 15-2203,[8] alleging that, from August 18 through October 7, 2015, Jet-Set failed to comply with the ALJ's May 13, 2015 order regarding Citation No. 14-2489, which mandated that Jet-Set obtain RAMP certification by August 17, 2015. **Jet-Set admitted to the charge** and an ALJ fined Jet-Set $300.00.

### Facts

On January 27, 2016, the PLCB approved a CLA proposed in response to its Bureau of Licensing's (Licensing) initial objections to Jet-Set's 2015 License renewal. The CLA imposed numerous additional restrictions on Jet-Set to address concerns arising from its business operations. By April 18, 2017 letter, Licensing

---

[5] Added by the Act of Dec. 20, 2000, P.L. 993, *as amended*, 47 P.S. § 4-471.1.
[6] Enforcement charged Jet-Set with violating Section 493(1) of the Liquor Code.
[7] Enforcement charged Jet-Set with violating Section 493(1) of the Liquor Code.
[8] Enforcement charged Jet-Set with violating Section 471(d) of the Liquor Code.

sent a conditional approval letter to Jet-Set, stating that **its renewal application was conditionally approved**, **but that its renewal may be revoked if and when an ALJ sustains Citation Nos. 15-1128 and 15-0752**. On February 15, 2019, Jet-Set applied to renew its License for the renewal period beginning April 1, 2019. On March 20, 2019, Licensing notified Jet-Set that, because **an ALJ sustained the above-referenced citations**, a hearing would be held regarding the Liquor Code violations relative to Citation Nos. 15-2203, 15-1128, 15-0752, 14-2489, and 14-1524, for the License period effective April 1, 2017. By March 21, 2019 letter, Licensing informed Jet-Set that it objected to the renewal of its License for the License period effective April 1, 2019, based on its previous objection to the renewal period effective April 1, 2017.

On October 2, 2019, Licensing's counsel requested Jet-Set to provide business records maintained in accordance with Paragraph 6 of the CLA.[9] The October 2, 2019 letter stated that, if Jet-Set did not possess the records, it needed to provide a verified statement to that effect and, if Licensing did not receive a response by October 11, 2019, it would presume that the records did not exist. By October 4, 2019 letter, Licensing informed Jet-Set that it would hold a hearing in Plymouth Meeting, Pennsylvania, on October 16, 2019, based on the following amended

---

[9] Specifically, Licensing requested business records mandated by Paragraph 6(d) (relating to Jet-Set's mandated use of a transactional scan device), (f) (relating to Jet-Set's mandated security employee patrols of the entire exterior of the establishment), (g) (relating to Jet-Set's mandated written barred patrons list), and (h) (relating to Jet-Set's mandated attendance at quarterly meetings with the Reading Police Department's Chief of Police). *See* Reproduced Record at 257-258.

Jet-Set's Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."). Specifically, Jet-Set failed to include the small "a" with its Reproduced Record page numbers. However, for consistency of reference, the citations herein are as reflected in Jet-Set's Reproduced Record.

4

objections: (1) Jet-Set's ineligibility to hold a liquor license based on: (a) its violation of the Liquor Code relative to Citation Nos. 15-2203, 15-1128, 15-0752, 14-2489, and 14-1524; and (b) the improper conduct of Jet-Set, as there have been approximately five incidents of disturbances on or about the licensed premises or in areas under Jet-Set's control during the time period April 1, 2017 to present, including, but not limited to, assaults and a shooting; (2) Licensing's rejection of Jet-Set's late-filed renewal application for the period effective April 1, 2017; and (3) Jet-Set's member, Ana Abreu, and manager, Jonathan Abreu, were not responsible persons of good repute and/or had become persons of ill repute.

By October 10, 2019 letter, Licensing informed Jet-Set that the October 16, 2019 hearing was postponed. On October 30, 2019, Licensing informed Jet-Set that a hearing would be held in Plymouth Meeting, Pennsylvania, on November 19, 2019, based on: Citation Nos. 15-2203, 15-1128, 15-0752, 14-2489, and 14-1524; five incidents of disturbances on or about the licensed premises or in areas under Jet-Set's control during the time period April 1, 2017 to present; Jet-Set's managers and members had become persons of ill repute; the PLCB's belief that there are unknown entities with a pecuniary interest in the License; failure to report a change of officers; and failure to provide requested records.

On November 19, 2019, a PLCB Hearing Examiner held a hearing. By August 5, 2020 order, the PLCB denied Jet Set's License renewal applications. Jet-Set appealed to the trial court. On November 17, 2020, the trial court held a hearing.[10] On April 21, 2021, the trial court affirmed the PLCB's order, dismissed Jet-Set's appeal, and incorporated by reference the PLCB's findings of fact, conclusions of law, and opinion in support of the PLCB's August 5, 2020 order. Jet-

---

[10] At the trial court hearing, the parties stipulated to the admission of the November 19, 2019 PLCB hearing record.

5

Set appealed to this Court.[11]  On June 9, 2021, Jet-Set filed its Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).  On August 6, 2021, the trial court filed its opinion.

## Discussion

Preliminarily, the PLCB argues that Jet-Set waived all issues on appeal because it failed to develop the issues raised in its Rule 1925(b) Statement.[12]  Specifically, the PLCB contends that Jet-Set waived all three issues for failing to follow Rule 2119.[13, 14]

Rule 2119 provides, in relevant part:

> **(a) General rule.**  The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> **(b) Citations of authorities.**  Citations of authorities in briefs shall be in accordance with [Rule] 126 governing citations of authorities.
>
> **(c) Reference to record.**  If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote

---

[11] "Where a trial court hears a liquor license matter *de novo*, our review determines whether there is substantial evidence to support the trial court's findings or whether the trial court committed an error of law or abused its discretion."  *Myles Dev. Co., LLC v. Pa. Liquor Control Bd.*, 224 A.3d 1119, 1124 n.6 (Pa. Cmwlth. 2020).

[12] Jet-Set raised the same issues before this Court as it raised in its Rule 1925(b) Statement.

[13] In addition, the PLCB asserts that Jet-Set waived its third issue for failing to raise it before the trial court.

[14] Jet-Set did not file a reply brief in response to the PLCB's waiver argument.

6

thereto, a reference to the place in the record where the matter referred to appears (*see* [Rule] 2132).

**(d) Synopsis of evidence.** When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e) Statement of place of raising or preservation of issues.** Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by [Rule] 2117(c), or substantially the same information.

Pa.R.A.P. 2119 (underline emphasis added).

The Pennsylvania Supreme Court has explained:

[O]ur rules of appellate procedure are explicit that the argument contained within a brief must contain "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of [an appellate court . . . ] to formulate [a]ppellant's arguments for him." *Commonwealth v. Johnson*, . . . 985 A.2d 915, 924 ([Pa.] 2009) (internal citations omitted).

*Wirth v. Commonwealth*, 95 A.3d 822, 837 (Pa. 2014); *see also In re Condemnation ex rel. Dep't of Transp.*, 76 A.3d 101, 109 n.8 (Pa. Cmwlth. 2013) ("A party's failure to develop an issue in the argument section of its brief constitutes waiver of the issue.").

Here, although Jet-Set sets forth three separate arguments in its Rule 1925(b) Statement, and in its "Statement of Questions Involved" and "Summary of Argument" portions of its brief, the "Argument" section of its brief contains one

7

long argument consisting of a reiteration of its version of the facts. Jet-Set Br. at 3, 9, 11. Thus, Jet-Set's argument fails to "be divided into as many parts as there are questions to be argued," and fails to "have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Further, Jet-Set's brief "fails to provide any discussion of [specific] claim[s] with citation to relevant authority [and] fails to develop the [specific] issue[s raised] in any other meaningful fashion capable of review[.]" *Wirth*, 95 A.3d at 837.

Notwithstanding that it was not stated in the required format or with the requisite specificity, Jet-Set clearly asserts in its brief that the evidence presented before the trial court merely established minor immaterial breaches of the CLA and/or the Liquor Code that did not warrant or support the PLCB's non-renewal of Jet-Set's License. Accordingly, this Court will address that issue.

### The CLA

Section 470(a)(1) of the Liquor Code provides, in relevant part:

> The [PLCB] may enter into a[] [CLA] with the applicant concerning additional restrictions on the license in question. If the [PLCB] and the applicant enter into such a[] [CLA], such [CLA] shall be binding on the applicant. **Failure by the applicant to adhere to the [CLA] will be sufficient cause . . . for the nonrenewal of the license under this section**.

47 P.S. § 4-470(a)(1) (emphasis added). "It is clear, therefore, that a licensee's breach of its CLA may establish a basis for non-renewal of a license." *The Gold Room, Inc. v. Pa. Liquor Control Bd.*, 245 A.3d 1143, 1157 (Pa. Cmwlth. 2020); *see also WSM, Inc. v. Pa. Liquor Control Bd.* (Pa. Cmwlth. No. 90 C.D. 2017, filed Oct.

5, 2017), slip op. at 12[15] ("The Liquor Code explicitly provides that breach of a CLA may form the basis for non-renewal."). Moreover, Paragraph 7 of Jet-Set's CLA expressly provided: "Failure to adhere to this [CLA] may result in citation(s) by [Licensing], and/or non-renewal of this License by the [PLCB]." Reproduced Record (R.R.) at 363.

Jet-Set does not dispute that it violated the CLA. Rather, it claims only that its violations were immaterial. However, the trial court properly concluded:

> Jet-Set's failure to provide records, alone, constitutes a material breach of the CLA. [*See The Gold Room*, 245 A.3d at 1157-58 ("failure to comply with the terms of a CLA relating to record retention constitutes a material breach thereof")]. Further, Jet-Set failed to provide adequate evidence of compliance with the requirements of the CLA regarding the transaction scanner, security patrols, and/or meetings with designated police officials. [*See* Paragraph 6(d), (f), and (h) of the CLA.]

Trial Ct. Op. at 21. Accordingly, the trial court held that the evidence presented before the trial court established Jet-Set's material breaches of the CLA that supported the PLCB's refusal to renew Jet-Set's License.

**Liquor Code**

Section 470(a.1) of the Liquor Code provides, in relevant part:

> The Director of [Licensing] may object to and **the** [**PLCB**] **may refuse a properly filed license application**:
>
> (1) **if the licensee**, its shareholders, directors, officers, association members, servants, agents or employes **have violated any of the laws of this Commonwealth or any of the regulations of the** [**PLCB**];

---

[15] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). *WSM* is cited for its persuasive value.

(2) **if the licensee**, its shareholders, directors, officers, association members, servants, agents or employes **have one or more adjudicated citations under this** . . . **license issued by the** [**PLCB**] or were involved in a license whose renewal was objected to by [Licensing] under this section;

(3) if the licensed premises no longer meets the requirements of [the Liquor Code] or the [PLCB's] regulations; or

(4) due to the manner in which this . . . licensed premises was operated while the licensee, its shareholders, directors, officers, association members, servants, agents or employes were involved with that license. When considering the manner in which this . . . licensed premises was being operated, the [PLCB] may consider activity that occurred on or about the licensed premises or in areas under the licensee's control if the activity occurred when the premises was open for operation and if there was a relationship between the activity outside the premises and the manner in which the licensed premises was operated. The [PLCB] may take into consideration whether any substantial steps were taken to address the activity occurring on or about the premises.

47 P.S. § 4-470(a.1) (emphasis added).

The [P]LCB may consider the licensee's record of violations when it decides whether to renew a liquor license and **even a single violation may be sufficient to decline to renew a license**. The [P]LCB may examine a pattern of violations for which penalties have already been paid in deciding whether to renew a license. This Court has determined that "regardless of when they occur the [] [PLCB] may consider all [Liquor C]ode violations committed by a licensee in determining whether to renew a liquor license." [*Pa. Liquor Control Bd. v.*] *Bartosh*, 730 A.2d [1029,] 1033 [(Pa. Cmwlth. 1999)].

*Jim Jay Enters. Inc. v. Pa. Liquor Control Bd.*, 91 A.3d 274, 283 (Pa. Cmwlth. 2014)

(citations omitted; emphasis added).

10

Here, Jet-Set does not dispute that it violated the Liquor Code, but claims that its Liquor Code violations were not sufficient to warrant non-renewal of its License. Contrarily, the trial court described:

> At the [t]rial [c]ourt [h]earing, the [p]arties offered the record from the 2019 [PLCB h]earing in lieu of additional testimony. The 2019 [PLCB h]earing record reveals Jet-Set's substantial history of sustained citations (five) dating back to 2014. Those citations concern numerous violations of the Liquor Code, including multiple discrete incidents of furnishing alcohol to minors, failing to make patrons vacate the [p]remises after closing, and failing to comply with a prior order entered by an ALJ regarding RAMP certification.

Trial Ct. Op. at 18. Accordingly, the trial court concluded that Jet-Set's Liquor Code violations were sufficient to support non-renewal of its License.

## Conclusion

The trial court determined:

> After a *de novo* hearing predicated entirely upon the 2019 [PLCB h]earing record and a copy of the CLA, the [t]rial [c]ourt found ample evidence supporting the [PLCB's] decision not to renew the License.

> Although the [t]rial [c]ourt has sympathy for Jet-Set's proprietors[,] given that they have invested so much of their finances and personal lives in this family-owned business, the record demonstrates: a "troublesome" citation history; a pattern of non-compliance with the Liquor Code, [PLCB] regulations and administrative orders; violence at the [p]remises and in the immediate vicinity of the [p]remises; an unwillingness to cooperate with police; lack of appropriate and effective corrective measures to address its problematic operations; and multiple material breaches of the CLA. As such, the [PLCB] acted appropriately when exercising its discretion to deny renewal of the License.

11

Trial Ct. Op. at 24-25.  This Court discerns no error in the trial court's reasoning.

> Upon our independent review, [this Court] conclude[s] that the trial court's findings are supported by substantial evidence and that its legal conclusion is free from error. *See* . . . 47 P.S. § 4-470(a) (stating that breach of a CLA "will be sufficient cause . . . for the nonrenewal of [a] license"); *St. Nicholas Greek Cath*[.] *Russian Aid Soc*[*'y*] *v.* [*Pa.*] *Liquor Control* [*Bd.*], 41 A.3d 953, 959-60 (Pa. Cmwlth. 2012) (stating that "even a single past citation or [Liquor] Code violation is sufficient to support a decision refusing to renew a license[]")[; *s*]*ee also* . . . *Bartosh*, 730 A.2d [at] 1033 . . . ("This Court has consistently held that regardless of when they occur the [PLCB or the trial court] may consider all [Liquor C]ode violations committed by a licensee in determining whether to renew a liquor license.").

*In re: Hotel Liquor License #H-2892 v. Tabs Ent., Inc.*, 125 A.3d 487, 490 (Pa. Cmwlth. 2015).

> For all of the above reasons, the trial court's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jet-Set Restaurant, LLC,       :
          Appellant       :
                          :
         v.            :
                          :   No. 564 C.D. 2021
Pennsylvania Liquor Control Board  :

## O R D E R

AND NOW, this 29th day of August, 2022, the Berks County Common Pleas Court's April 21, 2021 order is affirmed.

_____
ANNE E. COVEY, Judge